UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN SPENCER,

        Petitioner,

v.                                                   Case No.  8:05-cv-107-T-17MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

    This cause is before the Court on Petitioner Jonathan Spencer's 28 U.S.C. § 2254 petition for writ of habeas corpus. Spencer challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

BACKGROUND

    Spencer was charged by felony information filed May 20, 2002, with burglary of a dwelling (count one) and unlawful possession of a handcuff key (count two). The crime was alleged to have occurred April 30, 2002 in Pinellas County, Florida.

    On September 30, 2002, Spencer pled guilty after which he was sentenced in count one to fifteen years incarceration as a prison releasee reoffender, plus a concurrent five year terms of incarceration on count two.  On October 25, 2002, a pro se motion to withdraw the plea was filed by Spencer's court-appointed attorney after which Spencer filed a sworn pro se motion to withdraw plea of his own on October 30,

2002.  On November 5, 2002, the state trial court held a hearing on Spencer's motion to withdraw his plea, at which time the state trial court denied the motion.  The state trial court enter a written order on November 19, 2000.

On November 15, 2002, Spencer appealed. Defense counsel filed an initial brief with the Second District Court of Appeal on or about June 11, 2003, and raised the following issue on appeal: DID THE COURT ERR BY DENYING THE MOTION TO WITHDRAW PLEA? (Exh. 003).

On October 31, 2003, the state district court of appeal per curiam affirmed. *Spencer v. State,* 865 So. 2d 501 (Fla. 2d DCA 2003)(table). (Exh. 006). Spencer filed his motion for rehearing on November 14, 2003. (Exh. 007). The Second District Court of Appeal denied Spencer's motion on December 11, 2003. (Exh. 008). The Mandate issued on January 12, 2004. (Exh. 009).

Spencer filed a Motion for Post- Conviction Relief on February 5, 2004. (Exh. 010), raising  the following grounds for relief:

> 1. THE TRIAL COURT PREJUDICIALLY ERRED BY DENYING PRO-SE MOTION TO WITHDRAW PLEA, FILED PURSUANT TO FLA. R. CRIM. P. 3.170.

> 2. DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL AT A "CRITICAL STAGE."

On March 11, 2004, the state trial court summarily denied Spencer's Motion for Post Conviction Relief. (Exh. 011). On March 25, 2004, Spencer appealed the denial of rule 3.850 relief. (Exh. 012).  On October 29, 2004, the state district court of appeal per curiam affirmed the state trial court's denial of relief. *Spencer v. State*, 887 So. 2d

345 (Fla. 2d DCA 2004)(table). (Exh. 014). The Mandate issued December 8, 2004. (Exh. 015).

On August 18, 2004, Spencer filed a second Motion for Post-Conviction Relief. (Exh. 016). The state trial court denied relief on September 20, 2004. (Exh. 017). Spencer filed a motion for rehearing on October 6, 2004. (Exh. 018). The state trial court denied Spencer's motion for rehearing on November 23, 2004. (Exh. 019). On December 6, 2004, Spencer filed his notice of appeal. (Exh. 020). On May 6, 2005, the state district court of appeal per curiam affirmed the denial of relief. *Spencer v. State*, 906 So. 2d 1072 (Fla. 2d DCA 2005)(table). (Exh. 022). Spencer filed his motion for rehearing on May 23, 2005. (Exh. 23). The state district court of appeal denied his motion on June 13, 2005. (Exh. 024). The mandate issued on July 6, 2005. (Exh. 025).

Spencer then timely filed the present federal habeas corpus petition, raising three grounds for relief.

STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts

believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

A review of the record demonstrates that, for the following reasons, Spencer's petition must be **denied.**

Ground One

Spencer claims that the trial court did not satisfy his due process rights by denying the 3.850 motion in question by saying that "A claim alleging trial error is not cognizable in a 3.850 motion." Spencer was referring to the state trial court's denial of his motion to withdraw his plea. (See Exhs. 010, 011).

First, the state trial court did not err by stating that a claim of trial court error is not cognizable in a rule 3.850 motion. *See State v. Johnson*, 651 So. 2d 145 (Fla. 2d DCA 1995); *see also Irby v. State*, 454 So. 2d 757 (Fla. 1st DCA 1984).

-4-

While it is true that Spencer could, under some circumstances, raise the claim that his plea was involuntary in a Rule 3.850 motion, any such claim would have no merit as far as his present federal habeas corpus petition is concerned because a motion to withdraw a guilty plea presents an issue of state law for resolution by a state court. *See Fla. R. Crim P. 3.710; Fla. R.* App. *P. 9.140(b)(2). See also Cabrera v. State*, 915 So. 2d 727, 728 (Fla. 5th DCA 2005) ("The withdrawal of a guilty plea is not a matter of right, but rather is a question addressed to the sound discretion of the trial court."); *Davis v. State*, 783 So. 2d 288, 289 (Fla. 5th DCA 2001) ("[O]n appeal a trial court's decision to deny a motion to withdraw must be affirmed absent proof of an abuse of discretion.").

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir.1992). Because Spencer fails to raise a federal claim, ground one has no merit.

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983); *LlamasAlmaguer v. Wainwright*, 666 F.2d 191 (5th Cir.1982). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.' " *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir.1976)).

Furthermore, Spencer has cited no federal constitutional provision or federal law in support of his claim. Furthermore, a review of the record reflects that the claim raised on direct appeal and in his 3.850 motion relied solely on state law.  As stated in *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000), a writ of habeas corpus requires the petitioner to show that the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law determined by the Supreme Court of the Untied States. Spencer has not met this standard.

Ground one does not warrant habeas relief.

Ground Two

Spencer claims that his counsel was ineffective because counsel failed to advise the state trial court prior to sentencing that the victim did not want Spencer to receive the mandatory minimum sentence and that had the trial court been made aware of this alleged fact, Spencer could have received a lesser sentence.

The proper test for attorney performance is that of reasonably effective assistance. *Strickland v. Washington,* 466 U.S. 668 (1984). The two-prong test for ineffective assistance established in *Strickland* requires a defendant to show deficient performance by counsel, and that said deficient performance prejudiced the defense.

Here, the State determined that Spencer should be sentenced as a prison releasee reoffender (PRR). Once the prosecutor invokes sentencing under the PRR subsection, the trial court must impose such a sentence. *See State v. Cotton*, 769 So. 2d 345 (Fla. 2000). Spencer's allegations of ineffectiveness regarding his PRR

sentence are unsupported. Counsel was not deficient for not advising the court about the victim's wishes since the trial court had no discretion to depart below the minimum mandatory PRR sentence when a prosecutor seeks PRR sentencing of a defendant who qualifies for sentencing pursuant to the PRR statute. Thus, Spencer's claim that the trial court could have given him a lesser sentence is erroneous.

A court deciding an ineffective assistance claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. *Strickland*, 466 U.S. at 695. A fair assessment of attorney performance requires every effort be made to eliminate the distorting effects of hindsight. *Id.* at 696. "The Supreme Court has recognized that because representation is an art and not a science, [e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Waters v. Thomas*, 46 F.3d 1506 (11th Cir.)(*en banc*), *cert. denied*, 516 U.S. 982 (1995)(citing *Strickland*, 466 U.S. at 689). In the instant case, the state trial court properly summarily denied this claim since Spencer failed to show deficient performance or prejudice.

Ground two does not warrant habeas corpus relief.

Ground Three

Spencer claims that the trial court violated his due process rights by denying his *Blakely* claim. Spencer alleges that this is so because his sentence was enhanced by the use of the prison releasee reoffender statute without a specific jury finding. *Blakey v. Washington,* 542 U.S. 296 (2004).does not apply to prison releasee reoffender sentences. The trial court made proper findings:

> The Defendant alleges that his sentence is illegal due to the Supreme Court's recent ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), However, *Blakely* is merely an extension of the Court's ruling in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). *Blakely*, 124 S.Ct. at 2537. Florida Courts have held that "*Apprendi* is inapplicable to the Prison Releasee Reoffender Act, because the Act merely limits the court's discretion in sentencing and does not increase the penalty beyond the statutory maximum." [cases omitted].

Spencer has not rebutted these findings by clear and convincing evidence. Therefore,  ground three does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Spencer's petition for writ of habeas corpus is denied, with prejudice.  The Clerk is directed to enter judgment against Spencer and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Spencer is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Spencer "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322,

335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Spencer has not made the requisite showing in these circumstances.

Finally, because Spencer is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 25, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jonathan Spencer